UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cr-00031 SEP |
| DEMEAN HARDGE, | ) ) ) |
| Defendant. | ) ) |

# ORDER

This matter is before the Court on review of the Report and Recommendation, Doc. [76], of the Honorable John M. Bodenhausen as to Defendant Demean Hardge's Motion to Suppress Statements, Doc. [53].[1] Magistrate Judge Bodenhausen conducted a hearing on the motions on February 12, 2024, and issued his Report and Recommendation on May 16, 2024, recommending that the undersigned grant the motion in part and deny it in part. *See* Doc. [76] at 25. On June 13, 2024, Mr. Hardge filed Objections to the Report and Recommendation, Doc. [79], and the United States responded on July 11, 2024, Doc. [83].

Mr. Hardge objects to the Report and Recommendation mainly by raising the same arguments made before Judge Bodenhausen. *See* Doc. [53]. The Court has conducted a de novo review of all matters relative to Mr. Hardge's motion and objections, including a thorough review of the transcript of the evidentiary hearing held in front of Judge Bodenhausen and the body cam footage submitted by the Government as exhibits at that hearing, as well as all the parties' briefing. *See* Docs. [53], [56], [59], [66], [68], [74], [76], [79], [83]; *Thompson v. Nix,* 897 F.2d 356, 357–58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). After careful deliberation, the undersigned will adopt and sustain Judge Bodenhausen's thorough and well-considered Report and Recommendation in its entirety.

## DISCUSSION

Mr. Hardge lodges three objections to the Report and Recommendation (R&R). None has merit.

---

[1] All pretrial motions in this cause were referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

First, he claims that the R&R incorrectly found that the officers were justified in restraining Mr. Hardge based on two erroneous factual findings: "that Mr. Hardge had made physical efforts to evade officers before they seized him," Doc. [79] at 2, and "that Mr. Hardge 'appeared to struggle somewhat with the officers in an effort to leave,'" *id.* at 3.

In his R&R, Judge Bodenhausen cited Officer Helm's testimony that "Hardge looked at the police and then 'kind of evaded, [and] went back inside the building.'" Doc. [76] at 3 (quoting Doc. [66] at 7). Judge Bodenhausen also observed, correctly, that Mr. Hardge himself acknowledged on the video having initially walked away from officers. Doc. [76] at 3 n.2, 12; *see also* Exh. 1 (Helm 2) at 9-10 minutes.[2] And Judge Bodenhausen pointed out that Mr. Hardge resisted the officers when they attempted to handcuff him, Doc. [76] at 3, 12, which is also clearly captured by Officer Helm's body camera. *See* Exh. 1 (Helm 2) at 4:15.

Based on those amply supported factual findings and others, Judge Bodenhausen correctly concluded that it was reasonable for the officers to restrain Mr. Hardge:

> In this case, the officers were reasonably justified in taking additional measures to ensure their safety and that Hardge did not attempt to flee. First, the encounter was at night. Second, the officers did not know who Hardge was or whether he was armed or intoxicated; the initial report was that he may be under the influence. Third, Officer Helm credibly testified that when Hardge first saw the officers, he appeared to be evading them—Hardge turned and walked into the building. In the body camera recording, Hardge admitted he walked away when the officers arrived. Fourth, Hardge briefly struggled with the police as they were first engaging with him. Thus, the officers could reasonably handcuff Hardge while they attempted to determine the status quo. Hardge's evasive conduct throughout the encounter justified maintaining the minimal restraint.

Mr. Hardge's first objection casts no doubt on the R&R's factual findings or legal analysis, and it is therefore overruled.

Mr. Hardge's second so-called objection restates his claim that the Government did not produce sufficient evidence to carry its burden under *Missouri v. Seibert*, 542 U.S. 600 (2004). *See* Doc. [79] at 4. He points to no deficiency in the R&R's factual findings or its analysis of those facts in light of *Seibert* and other case law. *See* Doc. [76] at 21-25; Doc. [79] at 5-6. He just asserts that "the prosecution elicited no evidence" contrary to his claim that the officers

---

[2] On February 12, 2024, Judge Bodenhausen held an evidentiary hearing at which the Government presented evidence that included their Exhibit 1, a memory card with copies of two officers' body camera recordings. Exhibit 1 comprises eight files: Helm 1, Helm 2, Helm 3, Helm 4, Helm 5, Lewis 1, Lewis 2, and Lewis 3. *See* Doc. [76] at 1-2.

engaged in an unconstitutional two-step interrogation. Doc. [79] at 4. The R&R explains at length how the prosecution met its evidentiary burden under the applicable precedent, Doc. [76] at 23-24; Mr. Hardge says nothing to call that analysis into question. His second objection is therefore overruled.

And finally, Mr. Hardge objects to Judge Bodenhausen's interpretation of the facts that the officers neglected to videotape and did not remind Mr. Hardge of his *Miranda* rights when they resumed interrogating him at the station. In Mr. Hardge's view, those two failures "reveal[] a subversion of *Miranda* protections and requires suppression of any statements from the second round of questioning." Doc. [79] at 6. Judge Bodenhausen addressed those very arguments in the R&R, *see* Doc. [76] at 21 n.12 and 24, and the undersigned concurs with his analysis. Mr. Hardge's third objection is overruled.

## CONCLUSION

On de novo review, the Court finds that Judge Bodenhausen has thoroughly analyzed the law and facts, and that his recommendations are based on careful application of sound legal authority. Therefore, the Court adopts the Report and Recommendation in full.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge John M. Bodenhausen (Doc. [76]), filed May 16, 2024, be and hereby is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements (Doc. [53]) is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to the statements specifically identified for suppression in the Report and Recommendation, Doc. [76], and it is otherwise **DENIED** because Mr. Hardge has not identified any other specific statements made in response to custodial interrogation which would be subject to suppression.

**IT IS FINALLY ORDERED** that a jury trial in this matter is set for **October 7, 2024, at 9 a.m.** in Courtroom 16N.

Dated this 19th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE